IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| KEITH D. WINSHIP, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANDREW SAUL ) <br> Commissioner of Social Security ) <br> ) <br> Defendant. ) | Case No. 4:20-cv-00039-MDH |

## ORDER

Before the Court is Plaintiff Keith Winship's appeal of Defendant Social Security Administration Commissioner's ("Commissioner") denial of his application for disability under the Social Security Act (the "Act"). Plaintiff exhausted his administrative remedies, and the matter is now ripe for judicial review. After carefully reviewing the record, the Court finds that the administrative law judge's (ALJ) decision is supported by substantial evidence in the record as a whole and the decision is **AFFIRMED.**

## BACKGROUND

This suit involves two applications made under the Social Security Act ("Act"). The first is an application for disability insurance benefits ("DIB") under Title II of the Act, 42 U.S.C. §§ 401, *et seq*. (Tr. 172-73). The second is an application for supplemental security income (SSI) benefits based on disability under Title XVI of the Act, 42 U.S.C. §§ 1381, *et seq*. (Tr. 174-78). Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a "final decision" of the Commissioner of the Social Security Administration under Title II. Section

1631(c)(3) of the Act, 42 U.S.C. §1383(c)(3), provides for judicial review to the same extent as the Commissioner's final determination under section 205.

Plaintiff's applications were denied and a request for a hearing was filed (Tr. 63-92, 104). On April 26, 2019, following a hearing, an ALJ found Plaintiff not disabled (Tr. 11-22, 32-62). Plaintiff subsequently requested review of the ALJ's decision, and, on November 20, 2019, the Appeals Council denied Plaintiff's request for review (Tr. 2-5, 161-63). Thus, the ALJ's decision stands as the final decision of the Commissioner subject to judicial review.

Plaintiff protectively filed his applications for Title II and Title XVI benefits on January 25, 2018 (Tr. 172-78). He stated that he was born in 1969, and he alleged disability beginning September 26, 2013, due to COPD, asthma, depression, anxiety, allergies, gastroesophageal reflux disease ("GERD"), high-blood pressure, diabetes, severe irritable bowel syndrome ("IBS"), and short-term memory loss (Tr. 172, 174, 237).

## STANDARD

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. *See* 42 U.S.C. §§ 405(g), 1383(c)(1)(B)(ii)(3). Substantial evidence is less than a preponderance of the evidence and requires enough evidence to allow a reasonable person to find adequate support for the Commissioner's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Freeman v. Apfel*, 208 F.3d 687, 690 (8th Cir. 2000). This standard requires a court to consider both the evidence that supports the Commissioner's decision and the evidence that detracts from it. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). That the reviewing court would come to a different conclusion is not a sufficient basis for reversal. *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009). Rather, "[i]f, after review, we find it possible to draw two inconsistent

positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Id.* (quoting *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)).

Courts "defer heavily to the findings and conclusions of the Social Security Administration" and will disturb the Commissioner's decision only if it falls outside the "zone of choice." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007). Incorrect application of a legal standard is grounds reversal, *Ford v. Heckler*, 754 F.2d 792 (8th Cir. 1985), but the Court defers to the ALJ's determinations of the credibility of witness testimony, as long as the ALJ's determinations are supported by good reasons and substantial evidence. *Pelkey v. Barnhart,* 433 F.3d 575, 578 (8th Cir. 2006). Finally, while a deficiency in opinion writing is not enough to merit reversal where it has no practical effect on the outcome, incomplete analyses, inaccuracies, and unresolved conflicts of evidence may be a basis for remand. *Reeder v. Apfel*, 213 F.3d 984, 988 (8th Cir. 2000).

## DISCUSSION

Plaintiff argues that (1) the ALJ's RFC as to Plaintiff's physical functional limitations is unsupported by substantial evidence and is legally flawed; and (2) the ALJ's RFC as to Plaintiff's mental functional limitations is unsupported by substantial evidence.

<u>1. Plaintiff's physical functional limitations</u>

The ALJ found that Plaintiff had several severe physical impairments, including COPD, diabetes mellitus Type II, obesity, and lumbar and cervical spine degenerative disc disease (Tr. 13). To be severe as defined in the Commissioner's regulations, an impairment must significantly limit an individual's ability to perform basic work activities. *See* 20 C.F.R. §§ 404.1522 and 416.922. Basic work activities relating to physical functions include walking,

standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling. *Id.* Here, the ALJ found that Plaintiff maintained the RFC to perform light work as defined in the Commissioner's regulations, with additional limitations (Tr. 16). The regulations stated that light work involves lifting no more than twenty pounds at a time with frequent lifting or carrying up to ten pounds, and a good deal of walking or standing. *Id*. If the job involves sitting, some pushing and pulling of arm or leg controls is required. *Id.*

Plaintiff argues that the ALJ failed to assess his physical RFC on a function by function basis, instead assessing the exertional level first. Reviewing the ALJ's decision, the ALJ used numbered headings delineating the Commissioner's sequential evaluation process, and provided a narrative discussion for the headings below. The numbered findings are simply a conclusion on the narrative discussion that followed the sequential evaluation process. Therefore, the ALJ did not assess the exertional level first.

Plaintiff also alleges that the ALJ failed to identify which, if any functional limitations, were related to Plaintiff's obesity. The ALJ is required to explain how he reached any conclusions on whether obesity caused any physical or mental limitations. SSR 02-1p. Here, the ALJ discussed Plaintiff's obesity, noting that it can cause limitations with sitting, standing, walking, lifting, carrying, pushing, pulling, climbing, balancing, stooping, and crouching (Tr. 17). The ALJ also noted that there was no medical opinion specifying the impact of Plaintiff's obesity on his other impairments, but the ALJ considered the impact of Plaintiff's obesity and the functional limitations associated with obesity were incorporated into the ALJ's RFC (Tr. 18). The ALJ's restrictions to light work with additional limitations to occasional climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; never climbing ladders, ropes, or scaffolds; no concentrated exposure to temperature extremes, vibration, work hazards, pulmonary irritants or humidity; and

not use of foot controls appropriately accommodates Plaintiff's obesity and its impact on his other impairments. The ALJ did not err in analyzing Plaintiff's obesity and the functional limitations attributed thereto.

Plaintiff further argues that the ALJ's decision was not based substantial evidence because the only medical opinion of record is that of Dr. McGraw, a non-examining, non-treating State agency physician. However, the ALJ is not required to have a medical opinion to assess the claimant's RFC. *See Masciovecchio v. Berryhill*, 4:16-CV-01048-DGK, 2017 WL 3741011, at *4 (W.D. Mo. Aug. 30, 2017) ("This argument is based on the faulty assumption that an ALJ must have a medical opinion to assess the claimant's RFC, and that absent a medical opinion any RFC determination is invalid. If accepted, this argument would shift the burden of proving RFC from the claimant to the Commissioner. But it is the claimant's burden to prove his RFC.") (citing *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Martsolf v. Colvin*, No. 6:16-00348-NKL, 2017 WL 77424, at *7 (W.D. Mo. Jan. 9, 2017) ("There is no requirement that an RFC be supported by a specific medical opinion.") (citing *Meyers v. Colvin,* 721 F.3d 526, 527 (8th Cir. 2013) and *Chapo v. Astrue,* 682 F.3d 1285, 1288- 89 (10th Cir. 2012)).

ALJs are instead tasked with reviewing and considering the record taken as a whole, resolving any inconsistencies, and formulating a RFC finding that reflects Plaintiff's functional abilities. The ALJ did so here. The ALJ discussed Dr. McGraw's opinion and found it persuasive because it was consistent with and supported by the generally normal physical examination findings and mild imaging results (Tr. 18-19). Dr. McGraw reviewed the evidence and opined that Plaintiff could lift and/or carry twenty-five pounds occasionally and ten pounds frequently; stand and/or walk six out of eight hours, with normal breaks; sit six out of eight hours, with normal breaks; and push and/or pull within the lifting and carrying limitations (Tr. 72). In addition, he

could occasionally climb ramps, stairs, ladders, ropes, and scaffolds; he had no limitations with balancing, stooping, kneeling, crouching, or crawling; but he should avoid concentrated exposure to extreme temperatures and hazards and all exposure to fumes, odors, dusts, gases, and poor ventilation (Tr. 73). Upon consideration of the evidence, the ALJ further limited Plaintiff to only occasionally balancing, stooping, kneeling, crouch, or crawling (Tr. 16). The ALJ in this case properly evaluated the medical and other evidence to assess the alleged intensity, persistence, and limiting effects of Plaintiff's impairments. *See Vance v. Berryhill*, 860 F.3d 1114, 1120 (8th Cir. 2017). Upon assessing the evidence taken as a whole, the ALJ properly formulated an RFC finding that adequately accounted for all of Plaintiff's functional limitations, as supported by the evidence. The evidence in this case includes examination and treatment evidence and demonstrates controlled diabetes and hypertension, consistently clear lungs, normal range of motion, no extremity edema, and no motor or sensory deficits (Tr. 17-19, 406, 409, 414, 417-18, 420, 451, 469, 493, 516). The ALJ also considered Plaintiff's activities, his testimony, and third-party evidence (Tr. 16-18, 216-32). The ALJ's decision as to the Plaintiff's physical RFC is affirmed.

2. Plaintiff's mental functional limitations

Plaintiff argues that the ALJ's mental RFC finding is unsupported by substantial evidence. Specifically, Plaintiff argues that while the ALJ found the opinion—the only opinion considered as to Plaintiff's mental impairments—of Dr. Hutson "generally persuasive," the ALJ acknowledged that Plaintiff was more limited. (Tr. 18). Plaintiff argues that Dr. Hutson's opinions are therefore in direct conflict with the ALJ's decision—Dr. Hutson indicated the Plaintiff's mental impairments were "non-severe" while the ALJ found Plaintiff's depression and anxiety to be "severe." (Tr. 13).

While there must be medical evidence to support the ALJ's RFC finding, there is no requirement that it must be medical opinion evidence. *See Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). The persuasiveness of medical opinions is assessed in light of several factors, including the supportability and consistency with the record. *See* 20 C.F.R. §§ 404.1520c(a) and 416.920c(a). Here, the ALJ noted that Dr. Hutson, a state agency medical consultant, examined the evidence of record up to June 2018, and his assessment of mild limitations was generally persuasive (Tr. 18). However, the ALJ determined that the evidence presented at the administrative hearing supported greater limitations (Tr. 18).

Plaintiff alleged disability beginning in September 2013, but there is no evidence that he sought mental health treatment until April 2018 (Tr. 571). The ALJ discussed the evidence reflecting normal mood and affect; normal speech, judgement, and insight; intact thought process; and good impulse control (Tr. 18, 448, 516). Plaintiff was consistently described as pleasant and cooperative and he denied having little interest or pleasure in doing things or feeling down, depressed, or hopeless (Tr. 405-06, 408-09, 413-14, 420, 451, 492-93, 578). The record also shows that medication improved Plaintiff's symptoms and he did not feel as overwhelmed (Tr. 567, 569, 571, 576). Plaintiff was diagnosed with major depressive disorder in April 2018, he reported feeling overwhelmed in October 2018, medication helped, his depression and anxiety improved, and he felt less overwhelmed in November 2018 (Tr. 448-49, 492, 569, 571).

The record in this case contains medical treatment and examination evidence, Plaintiff's testimony, evidence reflecting the efficacy of prescribed medication, Plaintiff's daily activities, and third-party evidence. The record was sufficient for the ALJ to make a disability determination. *See* 20 C.F.R. §§ 404.1520b and 416.920b. The ALJ's RFC as to Plaintiff's mental functional limitations is supported by substantial evidence.

Plaintiff also takes issue that the ALJ did not consider an opinion from a physician hired by the Missouri Department of Social Services. The Commissioner's regulations provide that, for claims filed on or after March 27, 2017, a decision by other governmental agencies is inherently neither valuable nor persuasive and no analysis by the ALJ was required about how that evidence was considered. *See* 20 C.F.R. §§ 404.1520b(c)(1) and 416.920b(c)(1).

Plaintiff further states that the ALJ's assessed moderate limitations with interacting with others and concentration, persistence, or pace were not properly accounted for by limitations against public interaction and to simple, repetitive, routine tasks. The ALJ, however, determined the moderate limitations at step three of his analysis addressing listing-level severity (Tr. 15). The step three finding is not an RFC assessment. *See* 20 C.F.R. §§ 404.1520, 404.1520a, 416.920, and 416.920a.

Plaintiff broadly argues that because the ALJ's RFC is allegedly flawed, the hypothetical to the vocational expert is necessarily flawed. First, as the Court concludes that the ALJ's RFC is supported by substantial evidence, this argument is untenable. Second, the ALJ properly presented a hypothetical question to the vocational expert that reflected Plaintiff's age, education, and work history with his RFC (Tr. 53). A hypothetical question is properly formulated if it sets forth impairments "supported by substantial evidence in the record and accepted as true by the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 804 (8th Cir. 2005) (citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). Discredited complaints are properly excluded from a hypothetical question so long as the ALJ had reason to discredit them. *See Tucker v. Barnhart*, 363 F.3d 781, 784 (8th Cir. 2004). Because the hypothetical question accurately reflected the combination of Plaintiff's impairments as shown by the evidence and accepted as true by the ALJ, and captured the concrete consequences of Plaintiff's limitations, the expert's testimony that Plaintiff could perform work

existing in significant numbers in the national economy, constitutes substantial evidence in support of the ALJ's determination. *See Robson v. Astrue*, 526 F.3d 389, 392 (8th Cir. 2008).

## CONCLUSION

The ALJ's RFC finding is to be based on all of the relevant evidence including medical records, observations of treating physicians and others, and Plaintiff's own description of his limitations. *See* 20 C.F.R. §§ 404.1545 and 416.945. "The Commissioner must determine a claimant's RFC based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [his] limitations." *Myers*, 721 F.3d at 527 (quotation omitted). The Court finds that substantial evidence supports the ALJ's opinion as a whole in this case, and the ALJ's decision is **AFFIRMED.**

**IT IS SO ORDERED.**

Dated: March 17, 2021   　　　　　　　　　　　　　　　　　　　　 */s/ Douglas Harpool*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**DOUGLAS HARPOOL**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**